SCOTT N. SCHOOLS  (SCSBN 9990)
United States Attorney
JAY R. WEILL  (CSBN 75434)
Assistant United States Attorney
Chief, Tax Division
THOMAS MOORE  (ASBN 4305-T78O)
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone:    (415) 436-6935
 Fax :            (415) 436-6748

Attorneys for the United States of America

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**          )<br>                      )<br>        **Petitioner,**          )<br>                      )<br>        v.            )<br>                      )<br>**CHARLES E. WILSON,**          )<br>                      )<br>        **Respondent.**          )<br>_____)  | **No. C-07-2501-EMC**<br><br>**UNITED STATES' CASE**<br>**MANAGEMENT CONFERENCE**<br>**STATEMENT**<br><br>**DATE: August 1, 2007**<br>**TIME: 10:30 a.m.** |

UNITED STATES' CASE MANAGEMENT CONFERENCE STATEMENT

Petitioner UNITED STATES OF AMERICA hereby submits this Case Management Conference Statement.

1.      Jurisdiction:

26 U.S.C. § 7604 and 28 U.S.C. § 1340 and 1345 provide this Court's jurisdiction and venue.

2.      Factual and legal basis of claim and defense:

The Internal Revenue Service served a summons on the respondent who did not comply with the summons as required by 26 U.S.C. § 7602.

3.      The principal factual and legal issues which the parties dispute:

There is no known factual dispute as the respondent has not filed a response to the order to show cause why the summons should not be enforced.

4. Issues which can be narrowed by agreement or motion:

The issue before the Court is narrowed to whether the United States has met the **Powell** requirements for enforcement of its summons.

5. Anticipated motions:.

In the event the court enforces the summons and the respondent does not then comply with the summons and order thereon, the United States will file a motion asking the Court to issue an order to the respondent to show cause why he should not be held in contempt for failure to comply.

6. Relief sought:

The United States seeks testimony and documents from the respondent as sought by the summons at issue.

7. Discovery:

Discovery is not appropriate is this matter as the summary nature of summons proceedings limits the circumstances under which discovery is available. *United States v. Stuart*, 489 U.S. 353, 369 (1989) (quoting S. Rep. No. 97-494, vol. 1, at 285 (1982), *reprinted in* 1982 U.S.C.C.A.N. 781, 1031. Discovery is rarely appropriate in summons cases. *See United States v. Kis*, 658 F.2d 526, 540 (7th Cir. 1981); *Chen Chi Wang v. United States*, 757 F.2d 1000, 1004 (9th Cir. 1985); *United States v. Will*, 671 F.2d 963, 967-68 (6th Cir. 1982). In order for discovery to occur, a taxpayer must make "a substantial preliminary showing that enforcement of the summons would result in an abuse of the court's process" and that "discovery would likely lead to useful, relevant evidence." *Robert v. United States*, 364 F.3d 988, 999-1000 (8th Cir. 2004).

When respondents seek an opportunity to propound formal discovery requests they often have the real and improper objective of trying to shift the court's focus from the *Powell* standard to a critique of the IRS's investigative techniques. This is not a proper inquiry for a summons enforcement proceeding. *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 323 (1985).

8. Alternative dispute resolution:

This matter is not suitable for ADR.

9. Trial:

Due to the summary nature of this matter, a trial is normally not appropriate.

10. Related cases:

There are no related cases.

11. Class action:

This is not a class action suit.

12. Dates:

The hearing on the Petition to Enforce the Summons is set for August 1, 2007.

In the event the summons is enforced, the United States asks that the compliance date be within fourteen (14) days of the date the Court enters its order enforcing the summons.

13. Settlement prospects:

Settlement is unlikely as the respondent refuses to comply with the summons and has ignored this matter and has not responded to correspondence asking him to contact this office to prepare a joint case management conference statement.

14: Other matters:

None:

SCOTT N. SCHOOLS
United States Attorney

/s/ Thomas Moore
THOMAS MOORE
Assistant United States Attorney
Tax Division

**CERTIFICATE OF SERVICE**

I, **KATHY TAT** declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers. The undersigned further certifies that I caused a copy of the following:

**UNITED STATES' CASE MANAGEMENT CONFERENCE STATEMENT**

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X___ **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ **PERSONAL SERVICE (BY MESSENGER/HAND DELIVERED)**

____ **FACSIMILE (FAX)** No.: _____

to the parties addressed as follows:

**CHARLES E. WILSON**
**2560 9TH STREET, SUITE 315A**
**BERKELEY, CA 94710**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **July 25, 2007** at San Francisco, California.

/s/ Kathy Tat
**KATHY TAT**
**Legal Assistant**